UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23821-CV-MORENO
MAGISTRATE JUDGE REID

COURTNEY ROBINSON

     Petitioner,

v.

STATE OF FLORIDA,

     Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

The *pro se* petitioner, Courtney Robinson, a convicted state felon, has filed an amended petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction and sentence for fleeing to elude a police officer, a third-degree felony in violation of Fla. Stat. 316.1935(1); burglary of an unoccupied dwelling, a second-degree felony in violation of Fla. Stat. 810.02(3); and certain misdemeanor offenses, following a jury verdict in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County **Case No. F07-**

**6340**.[1] [ECF No. 11]. For the reasons stated below, the petition should be DENIED as TIME-BARRED.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and the Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts.

The Court reviewed the amended petition with its attached exhibits [ECF No. 11] and the memorandum of law [ECF No. 18] together with the online state court criminal docket[2] (hereinafter referred to as "Online Trial Docket") and the relevant online appellate dockets of the Third District Court of Appeals ("Third DCA"). Before the Eleventh Circuit issued its opinion in *Paez v. Sec'y, Fla. Dep't of Corr.*, 931 F.3d 1304 (11th Cir. 2019), a Report was entered recommending dismissal of this amended petition as time-barred without requiring a response from the State. [ECF No. 22]. Following *Paez*, the Court vacated the Report and issued a limited show cause order to the State to address the timeliness issue. [ECF Nos. 28, 29]. The State has now done so making this case ripe for review. [ECF Nos. 32, 33]. Petitioner

---

[1] *See* online trial docket now a permanent part of the record. *See* information filed DE#11:22-27 and opinion issued in *Robinson v. State*, 25 So. 3d 1246 (Fla. 3d DCA 2010).

[2] The Court may take judicial notice of its own records. *See* Fed. R. Evid. 201; *see also, United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts). The court also takes judicial notice of its own records in habeas proceedings, *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994), *Allen v. Newsom*e, 795 F.2d 934, 938 (11th Cir. 1986). These documents are a permanent part of the instant record and are located at ECF No. 20.

filed his Reply. [ECF No. 38]. The Court has reviewed both the Response and the Reply.

## II. Claims

Construing the § 2254 motion liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner raises essentially five claims alleging:

1. Ineffective assistance of counsel for failure to object to jury instructions regarding the elements of resisting an officer without violence. [ECF No. 11, p. 6].

2. Ineffective assistance of counsel for failure to move for judgment of acquittal based on insufficient evidence. [*Id.*, p. 8].

3. Trial court error in denying counsel's motion for judgment of acquittal and motion to reduce the charges. [*Id.*, p. 9].

4. Ineffective assistance of counsel for failing to object to jury instructions regarding the elements of burglary. [*Id.*, p. 11].

5. Ineffective assistance of appellate counsel for failing to raise the above claims pursuant to *Martinez v. Ryan,* 566 U.S. 1, 8 (2012). [*Id.*, pp. 7-9, 11-13].

Petitioner asserts he is entitled to equitable tolling for two reasons. First, he claims relief pursuant to *Martinez*. [*Id.*, pp. 14-15]. In addition, Petitioner claims that, as a result of a prison transfer, his personal property and legal documents were lost requiring the filing of grievances during 2011 in an attempt to locate and recover

the property. [*Id*.]. Attempts in retrieving his lost property and documents resulted in a delay in appealing his case to the state courts. [*Id*.].

It bears noting that Petitioner's Reply to the State's Response to the limited show cause order mirrors his amended complaint and memorandum. [ECF No. 38]. Petitioner challenges the State's time-bar calculation [*Id*., pp. 2-4), argues that he is entitled to equitable tolling [*Id*., pp. 5-6], and reasserts his *Martinez* claim [*Id*., pp. 6-7, 9-10]. Alternatively, Petitioner submits a claim of actual innocence without any factual support. [*Id*., pp. 7-9].

### III. Procedural History

Nearly eleven years ago, on **April 23, 2008**, a jury convicted Petitioner of the four counts enumerated above. [ECF No. 33-1, pp. 57-60]. "The trial court sentenced Robinson as a habitual violent offender on the two felony counts and imposed consecutive sentences of thirty years in prison for burglary, followed by ten years for fleeing to elude a police officer." *Robinson v. State*, 25 So. 3d 1246, 1247 (Fla. 3d DCA 2010); *see also* ECF No. 33-1, pp. 62-72). On **January 20, 2010**, the Third DCA affirmed Petitioner's conviction in part and reversed in part and remanded the case to the trial court for its error in imposing the consecutive sentences. *Id*. On March 5, 2010, the trial court issued an order correcting Petitioner's sentence. [ECF No. 33-1, p. 130].

Again, Petitioner appealed his sentence to the Third DCA in Case No. 3D10-791. [ECF No. 33-2, p. 2]. On **October 6, 2010**, the appellate court affirmed, *per curiam*, citing *Velez v. State*, 988 So. 2d (Fla 3d DCA 2000).[3] *Robinson v. State*, 45 So. 3d 924 (Fla. 3d DCA 2010). Petitioner did not seek discretionary review from the Florida Supreme Court. The time for doing so expired thirty days after the appellate court's affirmance of Petitioner's conviction, or no later than November 5, 2010.[4] Because he did not seek discretionary review from the Florida Supreme Court, Petitioner is not entitled to an additional ninety days to seek a writ of certiorari in the Supreme Court of the United States. *Gonzalez v. Thaler*, 565 U.S. 134 (2012).[5]

---

[3] Defendant's presence was not necessary at resentencing where the controlling sentence is the life sentence and the reduction of the concurrent sentence to the legal maximum (thirty years) was a ministerial act. *Velez v. State*, 988 So. 2d 707, 708 (Fla. 3d DCA 2008).

[4] Pursuant to Fla. R. App. P. 9.120(b), a motion to invoke discretionary review must be filed within thirty days of rendition of the order to be reviewed.

[5] In applying *Gonzalez* to this case, Petitioner is not entitled to the ninety-day period for seeking certiorari review with the Supreme Court of the United States because after his judgment was affirmed on direct appeal, he did not attempt to obtain discretionary review by Florida's state court of last resort -- the Florida Supreme Court -- nor did he seek rehearing with the appellate court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that conviction becomes final upon expiration of time for seeking direct review); *Jimenez v. Quarterman*, 555 U.S. 113, 118-21 (2009) (explaining the rules for calculating the one-year period under § 2244(d)(1)(A)). *See also Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *Chavers v. Sec'y, Fla. Dep't. of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (*per curiam*) (holding that one-year statute of limitations established by AEDPA began to run ninety days after Florida appellate court affirmed habeas petitioner's conviction, not ninety days after mandate was issued by that court). Accordingly, where a state prisoner pursues a direct appeal but does not pursue discretionary review in the state's highest court after the intermediate appellate court affirms his conviction, the conviction becomes final when time for seeking such discretionary review in the state's highest court expires. *Gonzalez, supra.*

*See also* Sup. Ct. R. 13. Therefore, at the earliest, Petitioner's convictions were final on November 5, 2010. However, assuming without deciding that Petitioner was entitled to appeal to the Supreme Court of the United States, then, alternatively, his conviction would have become final ninety days later, on **January 4, 2011**, when the time to appeal to the Supreme Court of the United States expired. Petitioner had only one year to file a federal habeas petition pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") -- no later than **January 4, 2012**, absent any tolling motions. For purposes of this Report, the undersigned utilizes the later date because, even when giving Petitioner this additional time, this federal petition remains time-barred.

Petitioner waited **275 days** before filing numerous grievances with prison officials regarding lost personal property and legal documents between **October 6, 2011, and December 27, 2011**. [*See* exhibits ECF No. 11, pp. 29-37]. Yet, even after Petitioner filed his last grievance with the prison, he waited another **414 days**, until **February 13, 2013**, to file a motion to toll appellate time. [ECF No. 33-2, pp. 37-43]. On March 7, 2013, the state court denied the motion. [ECF No. 33-2, p. 45]. This period of time remained untolled because the grievances and the motion to toll appellate time are not "application[s] for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). Accordingly, the statute of

limitations expired with **793 days** having passed by the time the motion to toll appellate time was denied.

Next, Petitioner waited an *additional* **364 days** after the denial of the motion to toll appellate time, until **March 6, 2014**,[6] when he filed a petition for writ of habeas corpus pursuant to Fla. R. Crim. P. 3.610. [ECF No. 33-2, p. 47-61]. Had the limitations period not previously expired, this petition would be considered a proper tolling motion. On September 9, 2014, the trial court denied relief as the claims were procedurally barred because they could have been raised on direct appeal. [*See* exhibit ECF No. 11, p. 18; ECF No. 33-2, p. 82]. Petitioner appealed to the Third DCA in Case No. 3D14-2526. [ECF No. 33-3, p. 2]. On February 11, 2015, the appellate court affirmed the denial of relief, *per curiam* and without written opinion. *Robinson v. State*, 160 So. 3d 443 (Fla. 3d DCA 2015).  The appellate court issued the mandate on **March 30, 2015**. [ECF No. 33-3, p. 40].[7]

**Seven-hundred and thirty-five days later**, on or **April 3, 2017**, Petitioner filed a notice of inquiry in the case followed by a "motion to correct manifest

---

[6] Prisoners' documents are deemed filed at the moment they are delivered to prison authorities for mailing to a court, and absent evidence to the contrary, will be presumed to be the date the document was signed. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *see also Houston v. Lack*, 487 U.S. 266 (1988) (setting forth the "prison mailbox rule").

[7] Petitioner asserts in his Reply that the State failed to present that there were two orders from the Third DCA directing the State to answer the merits f his brief between November 10, 2014, through February 6, 2015. [ECF No. 38, p. 4]. However, these orders are of no consequence because they do not affect the limitations period. Had the limitations period not previously expired, the period of time for this entire proceeding – from March 6, 2014, through March 30, 2015 – would have been tolled.

injustice" and an appeal to the Florida Supreme Court, which was dismissed on **July 6, 2017**. [ECF No. 33-3, pp. 42-43, 47-49, 73.].

Finally, Petitioner waited an additional **431 days**, until **September 10, 2018**, before initiating the instant case in this Court with a filing entitled "Request to Correct Manifest Injustice," followed by his amended petition seeking habeas relief. [ECF Nos. 1, 11]. Petitioner's amended petition seeks equitable tolling and relief under *Martinez* in an apparent attempt to overcome the time bar. [ECF No. 11].

Yet, even if he were entitled equitable tolling, Petitioner cannot account for the **275 days** which elapsed prior to filing grievances seeking recovery of his personal property and legal documents, nor the years that elapsed between the time he filed his last grievance and the time he first sought post-conviction relief in the state court, nor the two years that elapsed following the appellate court's mandate affirming the denial of post-conviction relief. Finally, Petitioner presents no excuse for his delay in filing the instant federal petition **431 days** after the Florida Supreme Court dismissed his last proceeding.

## IV. Discussion-Timeliness

The State asserts that the petition is untimely. [ECF No. 32]. As previously narrated, Petitioner admits his petition is untimely but seeks equitable tolling. [ECF No. 11]. Petitioner fails to present any scenario that rises to the level of an extraordinary circumstances that would equitably toll the statute of limitations.

8

*A. General Principles of Timeliness*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998) (*per curiam*). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

Here, as narrated above, in the underlying case, Petitioner's conviction became final on **January 4, 2011**. Petitioner waited *1,157 days*, until **March 6, 2014**, before filing his first motion for post-conviction relief in the trial court. [ECF

9

No. 33-2, pp. 47-61]. By that time, the statute of limitations within which to file a federal habeas petition had long expired.  Once the limitations period expired, it could not be revived. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

### B. Statutory Tolling Under § 2244(d)(1)(A)

Although AEDPA establishes a one-year limitations period for filing § 2254 motions, the limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Consequently, this petition is time-barred, pursuant to 28 U.S.C. § 2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2).

An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). Consequently, if the petitioner sat on any claim or created any time gaps in the review process, the one-year clock would continue to run. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

As narrated above, Petitioner's conviction became final on **January 4, 2011**.[8] Petitioner waited *over three years*, until **March 6, 2014**, before filing his first motion for post-conviction relief in the trial court. He appealed the denial of post-conviction relief; yet, he waited more than *two years* after the issuance of the mandate before seeking further relief from the Third DCA and, later the Florida Supreme Court. By this point, the statute of limitations had expired and could not be revived. Lastly, Petitioner waited another **431 days** before initiating the instant habeas proceeding. [ECF No. 1].

While Petitioner attempts to blame some delays on the loss of property and legal documents, that period of time in which he filed grievances accounts for *just four months*. Unfortunately, Petitioner cannot account for his delays amounting to well over *six years* in total. Accordingly, this federal habeas petition should be dismissed as time-barred.

### C. § 2244(d)(1)(c) and Martinez, 566 U.S. 1 at 8

In addressing the timeliness of his petition, Petitioner claims that his appellate counsel was ineffective. To the extent Petitioner raises *Martinez* as extending *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) to overcome the time-bar and attempts to reset the statute of limitations through § 2244(d)(1)(c) (the time begins

---

[8] To maintain brevity, this Report does not repeat the citations as articulated in the procedural history above.

11

on the date "on which the constitutional right asserted was initially recognized by the Supreme Court), Petitioner's reliance on *Martinez* is misplaced.

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defense." U.S. CONST. amend. VI. However, "there is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). In *Martinez*, the Supreme Court made clear that it was not altering *Coleman's* constitutional ruling that there was no constitutional right to effective post-conviction counsel. Rather, *Martinez* qualifies *Coleman* "by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 566 U.S. at 9. The rule in *Martinez* was extended to cases where the "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino v. Thaler*, 569 U.S. 413, 429 (2013).

However, the Eleventh Circuit held that "the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period." *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014). "In *Martinez* and *Trevino*, it was how the state rules operated -- the rules precluded review of, or

a meaningful opportunity to raise, ineffective-trial-counsel claims, triggering a state procedural bar -- which created the cause to excuse the state bar." *Id*. at 630. Here, Petitioner does not demonstrate cause because there is no state procedural rule that barred his petition; to the contrary, he simply did nothing for years. Therefore, *Martinez* is wholly inapplicable here.

### D. Equitable Tolling

Given the detailed procedural history narrated above, this federal habeas proceeding is due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). In that regard, the Supreme Court has established a two-part test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevent timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Holland v. Florida*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also, Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances that are both

beyond his control and unavoidable with diligence" and this high hurdle will not be easily surmounted).

"The diligence required for equitable tolling purposes is reasonable diligent, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole*, 768 F.3d at 1158 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). Further, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Fla.*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)).

While the record reveals that Petitioner was a proactive litigant during some post-conviction proceedings, here, he has not established any fact to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling." *See San Martin v. McNeil,* 633 F.3d at 1271. This Court is not unmindful that Petitioner pursued collateral relief in the state forum. However, it is evident that there was well over one year of untolled time during which no properly filed post-conviction proceedings were pending which would act to toll the federal limitations period. As a result of Petitioner's failure to properly and diligently pursue his rights,

14

he has failed to demonstrate that he qualifies for equitable tolling of the limitations period.

As best as can be determined from the record, even if such an analysis could extend to the loss of personal property and legal documents due to a prison transfer, and the period of time during which Petitioner filed grievances, such a scenario is not extraordinary. Ultimately, Petitioner has not demonstrated that he was diligent in pursuing post-conviction relief and cannot account for the years he neglected to pursue federal habeas relief. Because this habeas corpus proceeding instituted on September 10, 2018, is untimely, Petitioner's claim challenging the lawfulness of his conviction and judgment is now time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2).

## E. Fundamental Miscarriage of Justice/Actual Innocence

No fundamental miscarriage of justice will result if the court does not review on the merits Petitioner's grounds for relief raised herein. The law is clear that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has

resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence; and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. *See Taylor v. Sec'y, Dep't of Corr.*, 230 F. App'x. 944, 945 (11th Cir. 2007) (*per curiam*) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218-19 (11th Cir. 2000) (*per curiam*) (leaving open the question whether the § 2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). *But cf. United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2000) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his § 2255 motion."). However, several other circuits have recognized such an exception. *See, e.g., Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005); *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002).

Even if there were an "actual innocence" exception to the application of the one-year limitations provisions of § 2244, the Court would still be precluded from

reviewing the claims presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the "'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. *Id*.; *see also High v. Head*, 209 F.3d 1257 (11th Cir. 2000); *Lee v. Kemna*, 213 F.3d 1037, 1039 (8th Cir. 2000); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107 (2d Cir. 2000) (*citing Schlup v. Delo*, 513 U.S. at 299; *Jones v. United States*, 153 F.3d 1305, 1308 (11th Cir. 1998) (holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). *See also Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324.

Here, assuming, without deciding, that a claim of actual innocence might support equitable tolling of the limitation period, notwithstanding, Petitioner has failed to make a substantial showing of "actual innocence" of the crimes for which he was found guilty following a jury trial and the appellate court's affirmation of his conviction. *Robinson v. State*, 25 So. 3d 1246 (Fla. 3d DCA 2010).

On the record before this court, no fundamental miscarriage of justice will result by barring the claims raised in this habeas proceeding. Petitioner's conviction of guilt rests on the verdict of the jury. Petitioner has not presented sufficient evidence to undermine the Court's confidence in the outcome of his criminal proceedings sufficient to show that a fundamental miscarriage of justice will result if the claim(s) are not addressed on the merits.

Here, because Petitioner is not demonstrating actual, factual innocence, his claim warrants no habeas corpus relief. *See e.g., Scott v. Duffy*, 372 F. App'x 61, 63-64 (11th Cir. 2010) (*per curiam*) (rejecting habeas petitioner's actual innocence claim where no showing made of factual innocence of aggravated assault underlying his probation revocation and instead merely cited to evidence from probation revocation hearing and argued it did not support revocation of probation); *see also, Bousley v. United States*, 523 U.S. at 623.

Consequently, under the totality of the circumstances present here, this federal petition is NOT TIMELY and should be dismissed as time-barred.

## V. Evidentiary Hearing

Based upon the foregoing, any request by Petitioner for an evidentiary hearing on the merits of any or all of his claims should be denied since the habeas petition can be resolved by reference to the state court record. 28 U.S.C. § 2254(e)(2); *Schriro v. Landrigan*, 550 U.S. at 474 (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). *See also Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim."). Petitioner has failed to satisfy the statutory requirements in that he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing.

## VI. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability (COA) to do so. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After review of the record, Petitioner is not entitled to a certificate of appealability. Nevertheless, as now provided by the Rules Governing § 2254 Proceedings, Rule 11(a), 28 U.S.C. § 2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Court Judge in the objections permitted to this report and recommendation.

## VII. Recommendations

Based upon the foregoing, it is recommended that this petition for habeas corpus relief be DISMISSED AS TIME-BARRED, that no certificate of appealability issue, and that the case be closed.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 23rd day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Courtney Robinson
      M19154
      Taylor Correctional Institution
      Inmate Mail/Parcels
      8501 Hampton Springs Road
      Perry, FL 32348
      PRO SE

      Kayla Heather McNab
      Office of the Attorney General
      One SE Third Avenue, Suite 900
      Miami, FL 33131
      (305)377-5441
      Email: Kayla.McNab@myfloridalegal.com

21