UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-23821-CIV-MORENO

COURTNEY ROBINSON,

    Petitioner,

vs.

STATE OF FLORIDA and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

THE MATTER was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, for a Report and Recommendation on Petitioner's Amended Petition for Writ of Habeas Corpus made pursuant to 28 U.S.C. § 2254. The Magistrate Judge filed a Report and Recommendation **(D.E. 39)** on **December 23, 2019**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues presented in the Magistrate Judge's Report and Recommendation. The Court notes that no objections have been filed and the time for doing so has now passed, even though the Court granted the Petitioner an extension of time to file objections. Being otherwise fully advised in the premises, it is

**ADJUDGED** that Magistrate Judge Reid's Report and Recommendation is **AFFIRMED** and **ADOPTED**, and thus, the Petition for Writ of Habeas Corpus is **DISMISSED** as time-barred pursuant to the reasons detailed in the Report and Recommendation. Petitioner's conviction in the underlying state case became final on January 4, 2011, and Petitioner waited over three years, until March 6, 2014, before filing his first motion for post-conviction relief. Pursuant to the

Antiterrorism and Effective Death Penalty Act, Petitioner had one year following the state court judgment to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). While the one-year statute of limitations period may be equitably tolled by properly filing an application for state post-conviction or other collateral review proceedings, *see* 28 U.S.C. § 2244(d)(2), Petitioner still waited too long (over three years until March 6, 2014) to file his motion for post-conviction relief.

Petitioner did file numerous grievances with prison officials regarding lost property and legal documents between October 6, 2011 and December 27, 2011. After his last grievance, he waited another 414 days, until February 13, 2013, to file a motion to toll appellate time. Those grievances and motion to toll, however, do not toll the statute of limitations since they do not qualify as "application[s] for State post-conviction or other collateral review" within the meaning of section 2244(d)(2). As noted above, while Petitioner did file an application for post-conviction relief on March 6, 2014, it was too late and could not revive the already expired statute of limitations. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired.").

As outlined in the Report and Recommendation, Petitioner also cannot account for the additional delays in bringing the instant petition. He fails to account for the two years that passed between the Florida Third District Court of Appeal's mandate affirming the denial of his motion for post-conviction relief and his appeal to the Florida Supreme Court (March 30, 2015 to April 3, 2017), and the 431 days he waited to file the instant petition after the Florida Supreme Court dismissed his appeal (September 10, 2018 to July 6, 2017).

Accordingly, because the one-year statute of limitations period expired long ago,

2

Petitioner's ability to file the instant petition is time-barred. *See Luda v. Sec'y, Fla. Dep't of Corr.*, 469 F. App'x 834, 835 (11th Cir. 2012) ("Because [the petitioner] has failed to demonstrate either that his untimely filing was the result of extraordinary circumstances or that he acted with diligence in pursuing his habeas rights, he is unentitled to equitable tolling.").

Therefore, based on the above, it is

**ADJUDGED** that the Petition for Writ of Habeas Corpus is DISMISSED as time-barred, that all pending motions are DENIED as MOOT, and that no certificate of appealability issue.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st of January 2020.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lisette M. Reid

Counsel of Record

Courtney Robinson
M19154
Santa Rosa Correctional Institution Annex
Inmate Mail/Parcels
5850 East Milton Road
Milton, FL 32583
PRO SE