UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 18-23821-CIV-MORENO**

COURTNEY ROBINSON,

                Petitioner,

vs.

STATE OF FLORIDA and FLORIDA
ATTORNEY GENERAL,

                Respondents.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

THIS CAUSE came before the Court upon Petitioner's objections to the Report and Recommendation (**D.E. 47**), filed on **February 7, 2020**. THE COURT has considered the objections, the pertinent portions of the record, and is otherwise fully advised in the premises.

On January 31, 2020, the Court adopted Magistrate Judge Reid's Report and Recommendation, and dismissed the petition for writ of habeas corpus made pursuant to 28 U.S.C. § 2254 for being untimely. Under federal law, the Petitioner had only one year from "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). After this Court entered final judgment, Petitioner filed objections to the Report and Recommendation. But, before the Court could entertain them, Petitioner filed a notice of appeal. On June 30, 2020, the Eleventh Circuit dismissed the appeal for being untimely.

Now the Court revisits the objections, and because they are untimely, will liberally construe them as a motion for reconsideration. Reconsideration "is an extraordinary remedy to be employed sparingly." *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) (quoting *Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004)). A motion

for reconsideration "will not be granted absent an intervening change in the law, availability of newly discovered evidence, or to correct clear error or prevent manifest injustice." *Id.*; *see also Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (noting that a party cannot use a motion for reconsideration "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").

Reviewing the objections, the Court finds that they do not alter the Court's final judgment. Petitioner fails to make any new arguments as to why the one-year statute of limitations should have been equitably tolled. Thus, the objections are overruled, and the motion for reconsideration is DENIED. *See Martin v. McNeil*, No. 4:09-cv-00009, 2009 WL 631241, at *1 (N.D. Fla. Mar. 11, 2009) (treating objections untimely filed in a section 2254 case as a motion for reconsideration, and denying the motion for reconsideration due to the original petition still being untimely).

Accordingly, the Court having addressed the objections, Petitioner's motion for extension of time to file those objections **(D.E. 48)** is DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th of August 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

Courtney Robinson
M19154
Santa Rosa Correctional Institution Annex
Inmate Mail/Parcels
5850 East Milton Road
Milton, FL 32583
PRO SE

3